```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


UNITED STATES FOR THE USE AND
BENEFIT OF MID STATE
CONSTRUCTION COMPANY, INC.
AND MID STATE CONSTRUCTION
COMPANY, INC.                                    PLAINTIFFS

VS.                       CIVIL ACTION NO. 5:11-cv-169(DCB)(JMR)

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA; US
COATING SPECIALTIES & SUPPLIES,
LLC; AND EARL WASHINGTON                         DEFENDANTS
```

ORDER

This cause is before the Court on the plaintiff Mid State Construction Company, Inc. ("Mid State")'s Motions for Confirmation of Arbitration Award and for a Temporary Restraining Order and/or Preliminary Injunction **(docket entries 3 and 5)**.  Having carefully considered the motions and the record in this case, and being fully advised in the premises, the Court finds as follows:

The Complaint in this action was filed on November 30, 2011. The plaintiff, Mid State Construction Company, Inc. ("Mid State") brings its claims under the Miller Act (40 U.S.C. § 3133 et seq.) in the name of the United States for the use and benefit of Mid State.  See 40 U.S.C. § 3133(b)(3)(A). According to the Complaint, US Coating Specialties & Supplies, LLC ("US Coating") was awarded a prime contract by the United States for the "ERDC Project" in Vicksburg, Mississippi.  US Coating and Travelers Casualty and Surety Company of America ("Travelers") provided a Payment Bond for

the Project.  Subsequently, Mid State entered into a Subcontract with US Coating, as well as several other contracts between Mid State, US Coating and/or Earl Washington ("Washington"), including an Original Credit Agreement, an Amended Credit Agreement, and an Escrow Agreement.  The Complaint further alleges that US Coating and Washington breached and defaulted as to their obligations owed to Mid State.  The Complaint also alleges that the Subcontract, Original Credit Agreement, Amended Credit Agreement, and Escrow Agreement all provided for binding arbitration.  Complaint, ¶¶ 8-20.

Mid State demanded arbitration against US Coating and Washington, and arbitration proceeded under the administration of the American Arbitration Association.  During the arbitration proceedings, Mid State sought preliminary injunctive relief enforcing the escrow agreements between the parties.  The Arbitrator entered two preliminary orders or awards addressing preliminary injunctive relief as to the escrow agreements. Following a final hearing, the Arbitrator issued his Arbitration Award on November 22, 2011, in favor of Mid State.  Complaint, ¶¶ 23-37.

Mid State alleges that neither US Coating nor Washington has complied with the Arbitration Award.  Complaint, ¶ 41.  Mid State seeks orders and/or judgments enforcing the arbitration agreements and awards, Complaint, ¶ 36; awarding judgment for the sums awarded

Mid State in the Arbitration Award; and awarding the injunctive relief provided for in the Arbitration Award.  Complaint, ¶¶ 36, 42-43, 55-67.

Mid State also alleges that it has submitted a claim to Travelers for the value of its work, which Travelers has not paid. Mid State asserts that it is entitled to judgment against Travelers and US Coating, jointly and severally, on their Payment Bond, pursuant to the Miller Act, for the monetary sums granted by the Arbitrator to Mid State.  Complaint, ¶¶ 44-54.

On December 8, 2011, Mid State filed its Motion for Confirmation of Arbitration Award and for a Temporary Restraining Order and/or Preliminary Injunction.  On December 20, 2011, US Coating filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, in the Bankruptcy Court for the Southern District of Mississippi.  The proceeding was subsequently closed and a new Chapter 11 voluntary petition was filed on January 13, 2012.  On January 31, 2012, Mid State filed an Adversary Proceeding against US Coating in the Bankruptcy proceedings, seeking the same relief it seeks in this Court.  An Answer to the Adversary Complaint was filed by US Coating in the Bankruptcy proceedings on February 8, 2012.

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or rising in or related to cases under title 11."  28 U.S.C. § 1334.

However, district courts may refer actions within their bankruptcy jurisdiction to the bankruptcy judges of their respective districts pursuant to 28 U.S.C. § 157(a). The Southern District of Mississippi has a standing order in place that provides for automatic reference of such matters to the Bankruptcy Court. See Nunc Pro Tunc Referral of Bankruptcy Matters to Bankruptcy Judges, July 23, 1984. Thus, this matter has been referred to the Bankruptcy Court for the Southern District of Mississippi.

The Court further finds it more appropriate for the Bankruptcy Court to decide the motions for confirmation and injunctive relief in the first instance, since the Bankruptcy Judge is familiar with the issues which are already pending before him in the adversary proceeding. See Doctors Associates, Inc. v. Desai, 2010 WL 3326726, at *5 (D. N.J. Aug. 23, 2010)(action to confirm arbitration award was type of claim frequently identified as resolvable in bankruptcy court).

On July 18, 2012, U.S. Bankruptcy Judge Edward Ellington issued an Order Confirming Arbitration Award and Directing Entry of Judgment, Enforcing Escrow Requirements as to Future Payments, and Reserving Ruling on Other Issues, in Bankruptcy Petition # 12-00121-EE. Thus, Judge Ellington has ruled on the motion to confirm arbitration award, and has reserved ruling on certain aspects of the motion for temporary restraining order and/or preliminary injunction. This Court therefore finds that the motions pending

4

before it should be dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED that Mid State Construction's Motion for Confirmation of Arbitration Award **(docket entry 5)** and Motion for Temporary Restraining Order and/or Preliminary Injunction **(docket entry 3)** are DISMISSED WITHOUT PREJUDICE, inasmuch as said motions have been referred to U.S. Bankruptcy Judge Edward Ellington.

SO ORDERED, this the 18th day of September, 2012.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE