**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES FOR THE USE AND BENEFIT OF MID STATE CONSTRUCTION COMPANY, INC; and MID STATE CONSTRUCTION COMPANY, INC.,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Civ. Act. No:  5:11-cv-00169-DCB-JMR** |
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; U.S. COATING SPECIALTIES & SUPPLIES, LLC; and EARL WASHINGTON** | ) ) ) ) ) | |
| **Defendants.** | | |

---

### FIRST AMENDED COMPLAINT

---

**COME NOW** the United States for the Use and Benefit of Mid State Construction Company, Inc. ("US f/b/o Mid State") and Mid State Construction Company, Inc. ("Mid State") and file this First Amended Complaint ("Complaint") against the Defendants Travelers Casualty and Surety Company of America ("Travelers`"), U.S. Coating Specialties & Supplies, LLC ("US Coating") and Earl Washington ("Mr. Washington").  In support thereof, US f/b/o Mid State and Mid State would show as follows:

<u>PARTIES</u>

1.     The US f/b/o Mid State is the statutorily prescribed status for Mid State's prosecution of the Miller Act claims of Mid State referenced below.   Under 40 U.S.C. § 3133(b)(3)(A), the Miller Act claims must be brought in the name of the United States for the use of Mid State.

2.      Mid State is a Mississippi corporation in good standing and with its principal office in Jackson, Mississippi.

3.      Travelers is a Connecticut corporation authorized to do business in the State of Mississippi.  Travelers may be served with process by service upon its counsel of record herein.

4.      U.S. Coating is/was a Mississippi limited liability company.  On June 30, 2011, US Coating filed a certificate of dissolution with the Mississippi Secretary of State.  A copy of the certificate of dissolution is attached Exhibit "A".  US Coating has filed for bankruptcy protection, so any further relief against US Coating must be taken in accordance with said protections.  No new allegations are made against US Coating in this Complaint.

5.      Mr. Washington is a Mississippi resident.  Mr. Washington may be served with process at 125 W. Mayes Street, Jackson, Mississippi and 1655 Ashdown Street, Jackson, Mississippi.  Mr. Washington is in default for having failed to answer or otherwise plead.  No new allegations are made against Mr. Washington in this Complaint.

## JURISDICTION AND VENUE

6.      This Court holds jurisdiction.  Without limitation, this Court holds jurisdiction under 40 U.S.C. § 3133, 9 U.S.C. § 9, 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1367.

7.      Venue in this district is proper.  Without limitation, venue is proper in this district pursuant to 9 U.S.C. § 9, 40 U.S.C. § 3133 and 28 U.S.C. § 1391(b).  The construction project in question is located in Vicksburg, Mississippi.

## BACKGROUND FACTS

8.      The United States awarded to US Coating a prime contract (the "Prime Contract") for the ERDC project (the "Project") in Vicksburg, Mississippi.

4/336141.3

9.      Travelers and US Coating provided a payment bond (the "Payment Bond") in relation to the Project.  A copy of the Payment Bond is attached as Exhibit "B" hereto.

10.     US Coating and Mid State executed a "Subcontract" for the Project.  A copy of the Subcontract is attached as Exhibit "C".

11.     US Coating entered into an "Employee Lease Agreement" with Mid State.  A copy of the Employee Lease Agreement is attached as Exhibit "D".

12.     Under the Subcontract and the Employee Lease Agreement, US Coating promised to pay Mid State for the work, services, labor, materials and other items (collectively the "Work") provided by Mid State.

13.     US Coating and Mr. Washington executed an Agreement Regarding Bonding Credit (the "Original Credit Agreement").  A copy of the Credit Agreement is attached as Exhibit "E".

14.     US Coating and Mr. Washington executed the Amended and Restated Agreement Regarding Bonding Credit (the "Amended Credit Agreement").  A copy of the Amended Credit Agreement is attached as Exhibit "F".

15.     US Coating and Mid State executed the "Escrow Agreement".  A copy of the Escrow Agreement is attached as Exhibit "G".

16.     US Coating executed the "Assignment of Contract Proceeds".  A copy of the Assignment of Contract Proceeds is attached as Exhibit "H".

17.     US Coating executed the "Notice of Assignment".   A copy of the Notice of Assignment is attached as Exhibit "I".

18.     Under the Original Credit Agreement and the Amended Credit Agreement, Mr. Washington assumed personal liability for the claims otherwise addressed herein.

3

19.     The Subcontract, the Original Credit Agreement, the Amended Credit Agreement and the Escrow Agreement provided for binding arbitration.

20.     US Coating and Mr. Washington breached and defaulted as to their obligations owed to Mid State.

21.     US Coating's and Mr. Washington's breaches and defaults included their failure to perform certain acts called for under the agreements.

22.     US Coating's and Mr. Washington's breaches and defaults included their failure to pay Mid State for the sums owed Mid State under the agreements.  Mid State had provided US Coating and Mr. Washington certain Work, for which US Coating and Mr. Washington failed to pay Mid State.

23.     Mid State demanded arbitration against US Coating and Mr. Washington.  A copy of the original demand for arbitration is attached as Exhibit "J".  A copy of the amended demand for arbitration is attached as Exhibit "K".

24.     The arbitration proceeded under the administration of the American Arbitration Association ("AAA").

25.     The AAA appointed William P. Myers ("Arbitrator Myers") as the arbitrator. Attached as Exhibit "L" is a copy of documentation confirming the appointment.

26.     During the arbitration proceedings, Mid State sought preliminary injunctive relief enforcing the escrow arrangements agreed to in various of the agreements referenced above.  A copy of a Mid State's motion for preliminary injunction is attached as Exhibit "M".

27.     US Coating and Mr. Washington opposed the requested preliminary injunctive relief.  A copy of their opposition filing is attached as Exhibit "N".

4/336141.3

28.    Mid State replied to US Coating's and Mr. Washington's opposition.    A copy of Mid State's reply is attached as Exhibit "O".

29.    Arbitrator Myers entered two preliminary orders or awards regarding preliminary injunctive relief as to the escrow arrangements.  Copies of those orders or awards are attached as Exhibits "P" and "Q".

30.    US Coating and Mr. Washington never complied with those preliminary orders or awards.

31.    The final hearing in the arbitration proceedings was held on October 3 and 4, 2011.  A copy of the notice of hearing is attached as Exhibit "R".

32.    A copy of Mid State's exhibit from the final arbitration hearing setting out a recap of Mid State's claims (and those claims reserved) is attached as Exhibit "S".

33.    Arbitrator Myers allowed the filing of post-hearing briefs.  A copy of Mid State's post-hearing brief is attached as Exhibit "T".  A copy of US Coating's and Mr. Washington's post-hearing brief is attached as Exhibit "U".

34.    On or about November 22, 2011, Arbitrator Myers issued his Award of Arbitrator (the "Arbitration Award").  A copy of the Arbitration Award is attached as Exhibit "V".

35.    The Arbitration Award granted Mid State the relief set out therein.

36.    Mid State is entitled to one or more orders and/or judgments of this Court confirming and enforcing the Arbitration Award.

37.    The sums awarded to Mid State under the Arbitration Award include sums owed Mid State for and in relation to its Work.

38.    It has been more than 90 days since Mid State provided the last of its Work.

39.    The sums owed Mid State for the Work are covered under the Payment Bond.

40.     Mid State has submitted a claim to Travelers for the value of the Work.  Travelers has not paid Mid State.

41.     Neither US Coating nor Mr. Washington have complied with the Arbitration Award.

42.     US f/b/o Mid State and Mid State are entitled to judgment for the monetary sums awarded Mid State in the Arbitration Award.

43.     Mid State is entitled to the injunctive relief provided for in the Arbitration Award.

## COUNT I – MILLER ACT CLAIM UNDER THE PAYMENT BOND

44.     For Count I, the US f/b/o Mid State and Mid State incorporate the above allegations and would further show as follows:

45.     Travelers and US Coating provided the Payment Bond.

46.     The Payment Bond promised and guaranteed payment to Mid State and/or the US f/b/o Mid State for the Work.

47.     Liability under the Payment Bond exists as against both Travelers and US Coating, jointly and severally.  This liability exists under the Miller Act found at 40 U.S.C. § 3131 *et seq.*

48.     Under the Subcontract and the Employee Lease Agreement, Mid State provided the Work.

49.     Mid State is owed for the Work not less than the amounts set out in the Arbitration Award.

50.     More than 90 days have passed since Mid State last provided the Work.

51.     Mid State sought payment from US Coating and from Travelers.

52.     Neither of US Coating nor Travelers has paid Mid State.

4/336141.3

53.     Mid State and/or the US f/b/o Mid State are entitled to judgment against Travelers and US Coating, jointly and severally, for the monetary sums granted under the Arbitration Award for the Work.

54.     Mid State and the US f/b/o Mid State seek judgment accordingly, plus interest as provided for in the Arbitration Award, and plus attorneys' fees, costs and expenses.

### COUNT II – CLAIM TO ENFORCE ARBITRATION AWARD

55.     For Count II, Mid State incorporates the above allegations and would show as follows:

56.     As referenced above, Mid State entered into multiple agreements providing for arbitration.

57.     As referenced above, arbitration proceedings have been held, and the Arbitration Award rendered.

58.     The Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) and the Mississippi Construction Industry Arbitration Act (*Miss. Code Ann.* § 11-15-101 *et seq.*) mandate enforcement of arbitration agreements and the awards entered thereunder.

59.     The law generally provides for enforcement of arbitration agreements and for enforcement of arbitration awards.

60.     Mid State is entitled to one or more orders and/or judgments enforcing the Arbitration Award.

61.     Mid State is entitled to such relief as against US Coating, Mr. Washington and/or Travelers.

62.     Mid requests relief accordingly, plus for Mid State's attorneys' fees, costs and expenses in obtaining such relief.

4/336141.3

## COUNT III – CLAIM FOR INJUNCTIVE RELIEF

63.     For Count III, Mid State incorporates the above allegations and would further show as follows:

64.     The Arbitration Award grants Mid State injunctive relief.  Without limitation, that injunctive relief requires US Coating and Mr. Washington to: (a) immediately and continually turnover all Project information; and (b) escrow Project funds (and take actions in relation to same).

65.     Mid State is entitled to one or more orders and/or judgments from this Court enforcing the Arbitration Award's grants of such injunctive relief.

66.     Mid State should be granted such relief on preliminary basis (via a temporary restraining order and/or a preliminary injunction) and on a permanent injunctive basis.

67.     Mid State requests entry of one or more orders and/or judgments granting such injunctive relief, plus for Mid State's attorneys' fees, costs and expenses as to such relief.

## COUNT IV – CLAIM FOR DECLARATORY JUDGMENT AND RELATED RELIEF

68.     For Count IV, Mid State incorporates the above allegations and would further show as follows:

69.     As shown above, US Coating and Mr. Washington executed in favor of and/or for the benefit of Mid State various agreements.

70.     Those agreements granted Mid State a security interest in all funds, payments and/or proceeds (the "Project Funds") arising out of and/or relating to the Prime Contract and/or the Project.

8

71.     Mid State perfected its security interest, including but not limited to by the UCC filings attached as Exhibits "W" and "X".  As noted therein, those filings were made on or about July 5, 2012.

72.     Upon information and belief Travelers made its own UCC filing, but in any event Travelers did not make its filing until after Mid State's filing.

73.     Travelers has and/or may take over completion of the Project and/or has and/or may claim entitlement to all or part of the Project Funds.

74.     Due to its assignment, security interest, filings and/or applicable provisions of law, Mid State is entitled to a priority position over Travelers as to the Project Funds.

75.     Disputes exist between Mid State and Travelers as to who between them holds priority as to the Project Funds.  Both Mid State and Travelers are entitled to resolution of those disputes.

76.     Mid State requests that this Court enter a declaratory judgment resolving the respective rights and priorities of Mid State and Travelers as to the Project Funds, including but not limited to pursuant to 28 U.S.C. § 2201 and F.R.C.P. 57.

77.     Mid State further requests any and all corresponding relief as to which Mid State may be entitled as a result of the foregoing adjudications, including but not limited to appropriate awards of specific performance, payment, recoupment, reimbursement and/or damages.

**WHEREFORE, PREMISES CONSIDERED**, the US f/b/o Mid State and Mid State request that they be granted the relief requested above, plus their attorneys' fees, costs and expenses, and plus any and all such additional relief as to which they may be entitled.

4/336141.3

**RESPECTFULLY SUBMITTED**, on October 10, 2012.

>**THE UNITED STATES FOR THE USE AND**
>**BENEFIT OF MID STATE CONSTRUCTION**
>**COMPANY, INC. AND MID STATE**
>**CONSTRUCTION COMPANY, INC.**
>
>
>By: _/s/ Ralph B. Germany, Jr._
>      Ralph B. Germany, Jr.
>      MSB No. 8640
>      rgermany@babc.com
>      Direct Dial: 601-592-9963
>      Direct Fax:  601-592-1463
>      P.O. Box 1789
>      Jackson, MS 39215-1789

OF COUNSEL:
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 400
Jackson, MS 39201
Telephone: (601) 948-8000

4/336141.3

## CERTIFICATE OF SERVICE

I, the undersigned Ralph B. Germany, Jr., hereby certify that I have served the above and foregoing on all counsel of record via the Court's ECF system.

This the 10th day of October, 2012.

*/s/ Ralph B. Germany, Jr.*
Ralph B. Germany, Jr.

4/336141.3