```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

UNITED STATES FOR THE USE AND
BENEFIT OF MID STATE
CONSTRUCTION COMPANY, INC.
AND MID STATE CONSTRUCTION
COMPANY, INC.                                      PLAINTIFFS

VS.                       CIVIL ACTION NO. 5:11-cv-169(DCB)(JMR)

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA; US
COATING SPECIALTIES & SUPPLIES,
LLC; AND EARL WASHINGTON                           DEFENDANTS


                            ORDER

This cause is before the Court on the plaintiff Mid State Construction Company, Inc. ("Mid State")'s Motion for Default Judgment and Other Relief **(docket entry 24)** against Earl Washington, and Supplemental Motion for Default Judgment **(docket entry 46)** against Earl Washington.  Having carefully considered the motions and the record in this case, and being fully advised in the premises, the Court finds as follows:

The Complaint in this action was filed on November 30, 2011. Mid State served Washington with a Summons and a copy of the Complaint on December 9, 2011.  At the request of Mid State, the clerk entered an Entry of Default against Washington on January 5, 2012.  On August 15, 2012, Mid State filed its Motion for Default Judgment and Other Relief against defendant Earl Washington. However, no further action was taken on the motion pending the

bankruptcy proceedings of US Coating Specialties & Supplies, LLC ("US Coating").

On October 10, 2012, Mid State filed a First Amended Complaint seeking a judgment for monetary sums awarded Mid State in an Arbitration Award, and injunctive relief as provided in the Arbitration Award.  Mid State served Washington with a Summons and a copy of the First Amended Complaint on October 31, 2012.  On November 1, 2012, the Bankruptcy Court dismissed US Coating's bankruptcy case.

On November 8, 2012, Mid State filed its Supplemental Motion for Default Judgment against Washington, showing that there is no longer any potential conflict with the bankruptcy proceedings.  More than 21 days have passed since the Summons and First Amended Complaint were served on Washington, and he has not answered nor otherwise defended against the plaintiff's First Amended Complaint.  However, the plaintiff has not obtained an Entry of Default against Washington as to the First Amended Complaint.  The filing of an amended complaint supersedes an original complaint, renders the original complaint of no legal effect, and moots the clerk's entry of default as to the original complaint.  <u>Winston v. City of Laurel</u>, 2012 WL 5381346 *1 (S.D. Miss. Oct. 31, 2012)(citing <u>Canal Ins. Co. v. Coleman</u>, 625 F.3d 244, 246 n.2 (5th Cir. 2010)).

The Court therefore finds that the clerk's Entry of Default and the plaintiff's original Motion for Default Judgment and Other

Relief (docket entry 24) are moot. The plaintiff's Supplemental Motion for Default Judgment (docket entry 46) shall be denied without prejudice, and the plaintiff may move for a default judgment following an entry of default as to the First Amended Complaint. Accordingly,

IT IS HEREBY ORDERED that the clerk's Entry of Default of January 5, 2012, is MOOT;

FURTHER ORDERED that the plaintiff Mid State Construction Company, Inc.'s Motion for Default Judgment and Other Relief **(docket entry 24)** against Earl Washington is DENIED AS MOOT;

FURTHER ORDERED that the plaintiff Mid State Construction Company, Inc.'s Supplemental Motion for Default Judgment **(docket entry 46)** against Earl Washington is DENIED WITHOUT PREJUDICE, and the plaintiff may move for a default judgment following an entry of default as to the First Amended Complaint.

SO ORDERED, this the ___21st___ day of December, 2012.

                                            ___s/ David Bramlette___
                                            UNITED STATES DISTRICT JUDGE