UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES, for the use and benefit
of Mid State Construction Company, Inc., ET AL.                    PLAINTIFFS

VS.                                    CIVIL ACTION NO.: 5:11-CV-169-DCB-MTP

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, ET AL.                                         DEFENDANTS

**ORDER**

THIS MATTER came before the court on the Motion to Compel [61] filed by Plaintiff Mid State Construction Company, Inc. ("Mid State") against Defendants U.S. Coating Specialties & Supplies, LLC ("U.S. Coating") and Earl Washington ("Washington") (collectively "Defendants").  Having considered the submissions of the parties, the court finds that the motion should be granted.  The demand for sanctions is denied at this time.

In its motion, Mid State seeks an order requiring U.S. Coating and Washington to provide complete answers and responsive documents to discovery propounded on March 13, 2013.  Defendants failed to respond to the discovery within the time allotted under the Federal Rules of Civil Procedure and failed to respond to Plaintiff's good faith letter dated April 16, 2013.  After Plaintiff provided Defendants' counsel with a copy of the proposed motion to compel on April 25, 2013, Defendants requested an extension through April 26, 2013, to respond to the discovery.  On April 26, 2013, Defendants requested an extension until May 2, 2013, to respond.  On May 2, 2013, Defendants' counsel, Herb Irvin, contacted Mid State's counsel to inform them that he was not counsel of record for US Coating and Washington, but that Earl Washington would be contacting Mid State's counsel to arrange for document pick-up.  *See* Ex. G to Motion [94-7].

Mid State claims that the documents and responses were "completely inadequate." Defendants only produced Contractor Quality Control Reports and informed Mid State that the other responsive documents would be produced once they were "located and compiled." *See* Ex. H to Motion [94-8]. After another good faith letter to Defendants, Defendants requested yet another extension. *See* Exs. I and J to Motion [94].

Defendants did not file a response to the Motion to Compel [94]. Instead, Earl Washington filed a letter [96] dated May 6, 2013, sent to Mid State's counsel on behalf of himself and U.S. Coating, stating that they were in the process of locating and compiling responsive documents.

As an initial matter, Earl Washington, who is not a licensed Mississippi attorney, may not represent U.S. Coating Specialities & Supplies, LLC, and may not file pleadings on its behalf. *See Sw. Exp. Co. v. I. C. C.*, 670 F.2d 53, 55–56 (5th Cir. 1982) ("Corporations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of [28 U.S.C. §] 1654 is that the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation."). Herb Irvin has represented in a letter to Mid State that "While [he] is listed as an attorney for US Coating, [his] role is limited to providing administrative assistance to the company; [and] [he] is not its litigation counsel." *See* Ex. G to Motion [94-7]. However, Mr. Irvin has filed an Answer [49] and other pleadings on behalf of U.S. Coating and Mr. Washington and is listed as counsel of record for both Defendants on the court docket. Unless Mr. Irvin files a motion to withdraw and such motion is granted by the court, he remains counsel of record.

The court finds that Mid State's Motion to Compel [94] against Defendants U.S. Coating

and Washington should be granted as unopposed.

  IT IS, THEREFORE, ORDERED:

  1. That Mid State's Motion [94] to Compel is granted.  However, Mid State's demand for sanctions is denied at this time.

  2. Defendants U.S. Coating and Washington shall produce the requested documents and information on or before June 3, 2013, and shall file a notice of service of same.

  SO ORDERED this the 24th day of May, 2013.

              s/ Michael T. Parker
              United States Magistrate Judge