IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF MID STATE CONSTRUCTION COMPANY, INC; and MID STATE CONSTRUCTION COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; U.S. COATING SPECIALTIES & SUPPLIES, LLC; and EARL WASHINGTON <br><br> Defendants. | Civil Action No: 5:11-cv-00169-DCB-JMR |

### AFFIDAVIT

STATE OF MISSISSIPPI
COUNTY OF HINDS

PERSONALLY appeared before me the undersigned William S. Ware, who, after first having been sworn, stated under oath as follows:

1. I am an adult resident citizen of Hinds County, Mississippi. I am over the age of 21, and I am competent to give this affidavit. I am President of Mid State Construction Company, Inc. ("Mid State"). This affidavit is based on my personal knowledge. It is also based on the regularly kept business records of Mid State. The documents referenced in this affidavit are true and correct copies of the referenced documents from Mid State's regularly kept business records. These documents are already before the Court and are incorporated here by reference. I have been an active player in the construction industry for decades. During my time I have

4/375178.1

gained expertise in how the construction industry works, and as to the general rules that govern the construction industry.

2. This affidavit is given in support of Mid State's motion for summary judgment confirming the arbitration award (the "Motion").

3. This lawsuit and the underlying arbitration stem from a construction project in Vicksburg, Mississippi generally known as the ERDC project (the "Project"). The United States Government awarded U.S. Coating Specialties & Supplies, LLC ("US Coating") the prime contract for the Project.

4. The Project was administered by the U.S. Army Corps of Engineers (the "Corps"), including, in part, out of offices in Vidalia, Louisiana. The Project is to construct a building for the Corps. The Corps will use the building to house sophisticated computer equipment coming from outside of Mississippi. Material, supplies, and equipment for the Project came and/or were to come from both inside and outside of Mississippi. For example, but not by way of limitation, critical roofing and electrical materials were to come from outside of Mississippi. The bonds for the Project were provided by Travelers Casualty and Surety Company of America ("Travelers"), which is a Connecticut bonding company. Additionally, the modern construction industry involves commerce among the states. Today's construction projects almost always involve subcontractors, suppliers, workers and/or materials that cross state lines and/or that engage in interstate commerce.

5. Travelers provided a payment bond (the "Payment Bond") for the Project. As shown by those bonds, Travelers is from Connecticut. These bonds were preceded by a bid bond provided by Travelers. At times in this Affidavit, I refer to all of these bonds collectively as the "Bonds."

-3-

6. US Coating and Mid State executed a "Subcontract" for the Project, a true and correct copy of which is referenced in the Motion. US Coating entered into an "Employee Lease Agreement" with Mid State, a true and correct copy of which is referenced in the Motion. Under the Subcontract and the Employee Lease Agreement, US Coating promised to pay Mid State for the work, services, labor, materials and other items (collectively the "Work") Mid State provided for the Project.

7. US Coating and Mr. Washington also executed an Agreement Regarding Bonding Credit (the "Original Credit Agreement"). US Coating and Mr. Washington executed the Amended and Restated Agreement Regarding Bonding Credit (the "Amended Credit Agreement"). US Coating and Mid State also executed the "Escrow Agreement." US Coating executed the "Assignment of Contract Proceeds." US Coating executed the "Notice of Assignment." True and correct copies of these agreements are referenced in the Motion.

8. Under the Original Credit Agreement and the Amended Credit Agreement, Mr. Washington assumed personal liability for the claims and liabilities covered by the Arbitration Award discussed in this Affidavit.

9. The Subcontract, the Original Credit Agreement, the Amended Credit Agreement, and the Escrow Agreement all provided for binding arbitration.

10. US Coating and Mr. Washington breached and defaulted as to their obligations owed to Mid State. They failed to escrow the Project funds like they promised to do, they failed to provide Project information like they promised to do, and they failed to pay Mid State under the Subcontract and the Employee Lease Agreement.

11. Mid State demanded arbitration against US Coating and Mr. Washington.

12. We held the arbitration with the American Arbitration Association ("AAA"). The AAA appointed William P. Myers ("Arbitrator Myers") as the arbitrator.

13. We had our final hearing in the arbitration on October 3 and 4, 2011. The hearing was held in Jackson, Mississippi.

14. On November 22, 2011, Arbitrator Myers issued his Award of Arbitrator (the "Arbitration Award"), a true and correct copy of which is as referenced in the Motion.

15. Mid State requests confirmation of the Arbitration Award, as more fully set out in the Motion.

16. Additionally, Mid State is entitled to enforcement of the Arbitration Award for monetary and injunctive relief.

17. Neither US Coating nor Mr. Washington have complied with the Arbitration Award.

And further affiant sayeth not at this time.

_____
William S. Ware

SWORN AND SUBSCRIBED before me a Notary Public in and for the above-referenced jurisdiction, on this the 11 day of June, 2013.

_____
NOTARY PUBLIC

My commission expires: July 31, 2014

[Notary Seal: STATE OF MISSISSIPPI, LINDA D. QUERIN, NOTARY PUBLIC, ID No. 30172, Commission Expires July 31, 2014, MADISON COUNTY]

-4-

4/375178.1