**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES FOR THE USE AND**<br>**BENEFIT OF MID STATE**<br>**CONSTRUCTION COMPANY, INC; and**<br>**MID STATE CONSTRUCTION**<br>**COMPANY, INC.,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| **Plaintiffs,** | ) <br> ) | **Civil Action No: 5:11-cv-00169-DCB-** |
| **v.** | ) <br> ) | **JMR** |
| **TRAVELERS CASUALTY AND SURETY**<br>**COMPANY OF AMERICA; U.S.**<br>**COATING SPECIALTIES & SUPPLIES,**<br>**LLC; and EARL WASHINGTON** | ) <br> ) <br> ) <br> ) <br> ) | |
| **Defendants.** | | |

**MID STATE'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**
**ALLEGATIONS, ARGUMENTS, AND REQUESTS FOR RELIEF OF TRAVELERS**
**RELATED TO ANY INDEMNITY OBLIGATIONS OF ANY INDIVIDUAL PRINCIPAL**
**OF MID STATE**

COMES NOW Mid State Construction Company, Inc. ("Mid State") and moves to strike the allegations, arguments, and requests for relief of Travelers Casualty and Surety Company of America ("Travelers") related to any indemnity obligations of any individual principal of Mid State.

**INTRODUCTION**

In three filings, Travelers attempts to adjudicate an issue that (1) is central to and dispositive of a wholly separate federal lawsuit, (2) is not properly before the Court, and (3) affects and prejudices the rights of individuals who are not parties in this proceeding. Particularly, Travelers raises and attempts to obtain rulings on the issue of whether certain

- 1 -

principals of Mid State, William S. Ware and P.G. Bernheim (hereinafter, "Principals"), are individually obligated to indemnify Travelers in connection with the monies Travelers has paid on the subject payment and performance bonds. Travelers seeks these rulings in this proceeding even though it does not seek any relief against the Principals in its live pleading, the Amended Answer, Affirmative Defenses and Counterclaim [Doc. No. 35], but instead pursues this very relief in a separate lawsuit. To be sure, Travelers seeks these rulings even though it previously admitted in this proceeding that it has no claims against the Principals in this action and that this issue is not even within this suit's scope of discovery.

For these reasons and those that follow, Mid State respectfully asks that the Court strike and refuse to consider any allegations, arguments, and requests for relief contained in Travelers' (1) Memorandum in Support of Motion for Summary Judgment [Doc. No. 122]; (2) Brief in Support of Motion to Strike Plaintiff's Expert [Doc. No. 124]; and (3) Memorandum in Support of Motion for Preliminary Injunction Requiring Indemnitors to Post Collateral During Pendency of this Action [Doc. No. 126] (collectively, "Filings"), that relate to any personal indemnity obligations of the Principals.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### I.  Traveler's claims against Mid State in the present lawsuit.

On November 30, 2011, Mid State commenced this action against Travelers, US Coating Specialties & Supplies, LLC ("US Coating"), and Earl Washington to recover payments owed to it under the subject payment bond and to recover injunctive relief enforcing an arbitration award Mid State received against US Coating. [Doc. No. 1]. Mid State amended its Complaint on October 10, 2012, adding a claim for declaratory judgment regarding Mid State's entitlement to

the funds, payments, and/or proceeds arising out of and/or relating to the prime contract and/or the project.  [Doc. No. 36].

In response to each of Mid State's complaints, Travelers filed an answer that included affirmative defenses and counterclaims against Mid State.  [Doc. Nos. 20, 35].  In neither of these pleadings does Travelers bring any claims against any of the Principals involving any such individual's indemnity obligations to Travelers.  *Id.*  Rather, each counterclaim and all allegations in these pleadings assert claims and raise allegations solely about the alleged indemnity obligations that ***Mid State*** owes to Travelers.  *Id.*

Similarly, in its response to Mid State's February 20, 2013 motion seeking an order compelling Travelers to answer whether it believes the Principals have any personal indemnity liability, Travelers stated:

- "there were no claims involving Mr. Bernheim's or Mr. Ware's personal indemnity" [Doc. No. 62 at ¶ 3];

- "Mr. Berhnheim and Mr. Ware are not even parties to this civil action" [*Id.*];

- "There are no claims, counterclaims, cross-claims or declaratory judgments before this Court involving Mr. Ware's or Mr. Bernheim's personal indemnity obligations." [*Id.* at ¶ 6];

- "Whether Mr. Bernheim and/or Mr. Ware have personal liability with regard to the ERDC project is also not within the scope of discovery." [*Id.* at ¶ 7]; and

- "Because Mr. Bernheim and Mr. Ware are not parties to this civil action, the legal and/or factual conclusions concerning whether they are personally liable to Travelers is not before this Court. The claims brought by Mid State were a Miller Act suit and a claim to enforce an arbitration award against U.S. Coating [DE No. 36], and Travelers submitted its counterclaim for indemnity against Mid State [DE No. 35]. There are no claims or defenses involving Mr. Bernheim's or Mr. Ware's personal indemnity obligations to Travelers. Thus, the information requested in Mid State's Motion to Compel falls outside the scope of discovery, and Mid State's motion is due to be denied. Fed. R. Civ. P. 26(b)(1)." [*Id.* at ¶ 8].

In June of 2013, Travelers submitted the Filings to the Court. [Doc. Nos. 122, 124, and 126]. In each of the Filings, Travelers makes allegations and arguments and/or attempts to seek relief regarding the Principals' personal indemnity obligations. For example, in Travelers' summary judgment brief, it seeks "summary judgment with regard to its indemnity claims against Mid State, Ware, [and] Bernheim." [Doc. No. 122, at p. 9]. Likewise, in its preliminary injunction brief, Travelers seeks injunctive relief that "require[s] Mid State and its principals, William Ware, Paul George Bernheim . . . to provide Travelers with $2,060,433.60 with which to satisfy the losses incurred on the performance and payment bonds." [Doc. No. 126, at p. 6].

## II.  The Separate Lawsuit Against the Principals.

On June 5, 2013, Travelers filed a lawsuit against the Principals, seeking various forms of relief based on allegations that the Principals owe Travelers personal indemnity obligations. This lawsuit is styled: *Travelers Casualty & Surety Co. of Am. v. William S. Ware & Paul George Bernheim, Jr.,* Case No. 3:13-cv-00342-DPJ-FKB, in the United States District Court for the Southern District of Mississippi, Jackson Division. ("Separate Lawsuit"). Travelers amended its Complaint on June 24, 2013, and on June 26, 2013, filed a Motion for Preliminary Injunction to Require Indemnitors to Post Collateral During Pendency of this Action. *See* Separate Lawsuit, Doc. No. 4. The memorandum supporting this motion nearly mirrors motion for injunctive relief filed in the present lawsuit, the only real difference being that Travelers does not seek injunctive relief against Mid State in the Separate Lawsuit motion. *See* Separate Lawsuit, Doc. No. 5, Exhibit A to Motion to Strike.

4/376857.1

<u>**ARGUMENT**</u>

Because Travelers makes allegations and arguments and attempts to seek relief in the Filings on the issue of the Principals' personal indemnity obligations, which it has admitted is not before the Court and which is instead being litigated in the Separate Lawsuit, the Court should strike and refuse to consider any argument, allegation, or request for relief involving the Principals individual indemnity obligations.

**I.      The Filings Raise Issues Central to the Separate Lawsuit.**

As discussed above, Travelers alleges, argues, and attempts to obtain rulings from the Court in the Filings relative to the Principal's personal indemnity obligations, even though that issue is central to the Separate Lawsuit.   Telling is the fact that Travelers has filed nearly identical motions for injunctive relief in this and the Separate Lawsuit.   [*Compare* Doc. Nos. 125, 126, *with* Separate Lawsuit Doc. Nos. 4, 5 (Exhibit A to Motion to Strike)].   This is improper, and the Court should strike any such allegations, arguments, and requests.   When a party seeks the same relief in two federal district court proceedings, "the general rule is to avoid duplicative litigation." *See Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 817 (1976).   "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of the issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO,* 751 F.2d 721, 729 (5th Cir. 1985).   If the Court were to consider and ultimately rule on the issues Travelers raises related to the Principals' personal indemnity obligations, wasteful duplicative litigation, inconsistent rulings, and piecemeal litigation could result.

4/376857.1

Accordingly, Mid State respectfully requests that the Court strike Travelers' allegations, arguments, and requests for relief relative to the Principals' personal indemnity obligations.

## II.    The Issues Raised in the Filings Are Not Properly Before the Court.

In the present suit, the allegations in Travelers' answers and counterclaims only relate to *Mid State's* alleged indemnity obligations.  Travelers does not assert any indemnity or related claims against the Principals in any pleading in this suit, and neither of the Principals is a party to this suit.  As stated above, Travelers has expressly represented to this Court that the issue about the Principals' personal indemnity obligations is not before the Court and is not even within the scope of discovery:

- "there were no claims involving Mr. Bernheim's or Mr. Ware's personal indemnity" [Doc. No. 62 at ¶ 3];

- "Mr. Bernheim and Mr. Ware are not even parties to this civil action" [*Id.*];

- "There are no claims, counterclaims, cross-claims or declaratory judgments before this Court involving Mr. Ware's or Mr. Bernheim's personal indemnity obligations." [*Id.* at ¶ 6];

- "Whether Mr. Bernheim and/or Mr. Ware have personal liability with regard to the ERDC project is also not within the scope of discovery." [*Id.* at ¶ 7]; and

- "Because Mr. Bernheim and Mr. Ware are not parties to this civil action, the legal and/or factual conclusions concerning whether they are personally liable to Travelers is not before this Court. The claims brought by Mid State were a Miller Act suit and a claim to enforce an arbitration award against U.S. Coating [DE No. 36], and Travelers submitted its counterclaim for indemnity against Mid State [DE No. 35]. There are no claims or defenses involving Mr. Bernheim's or Mr. Ware's personal indemnity obligations to Travelers. Thus, the information requested in Mid State's Motion to Compel falls outside the scope of discovery, and Mid State's motion is due to be denied. Fed. R. Civ. P. 26(b)(1)." [*Id.* at ¶ 8].

It is undisputed, therefore, that the issues Travelers now raises in the Filings relative to the Principals' personal indemnity obligations are not properly before the Court.   On this

additional ground, the Court should strike all allegations, arguments, and/or requests for relief related to the Principals' personal indemnity obligations.

**III.     The Principals Will Be Unduly Prejudiced.**

If Travelers' allegations, arguments, and requests for relief relative to the Principals' personal indemnity obligations are not stricken, the Principals will suffer undue prejudice. Neither of the principals is a party to this suit, so neither has had an opportunity to defend against these claims of personal indemnity. The Separate Lawsuit is the venue in which the Principals will defend against these claims. Also, no discovery has transpired regarding the Principals' personal indemnity obligations; as noted above, Travelers argued to the Court that this subject is not even within the scope of discovery in this suit. Even more, prejudice will result if these issues are not stricken from the Filings because Mid State's counsel here will have to serve as a witness in the Separate Lawsuit. Consequently, if the Court does not strike and considers these arguments and allegations in ruling on the Filings, the Principals and Mid State will suffer undue prejudice.

<u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Mid State's motion to strike the allegations, arguments, and requests for relief of Travelers in the Filings related to any indemnity obligations of the Principals.

- 7 -

4/376857.1

**RESPECTFULLY SUBMITTED**, on July 5, 2013.

**MID STATE CONSTRUCTION COMPANY, INC.**

By:/s/ Ralph B. Germany
Ralph B. Germany, Jr., MBN 8640
rgermany@babc.com
Direct Dial: 601-592-9963
Direct Fax:  601-592-1463
P.O. Box 1789
Jackson, MS 39215-1789

**OF COUNSEL:**
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 400
Jackson, MS 39201

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned Ralph B. Germany, hereby certify that I have served the above and foregoing on all counsel of record via filing with the Court's electronic filing system.  I further certify that I have served the document on Earl Washington and US Coating:

<u>Via E-Mail and U.S. Mail</u>
Mr. Earl Washington, Individually and as
President/CEO for
U.S. Coating Specialties & Supplies, LLC
125 W. Mayes Street
Jackson, MS
earlwashington@uscoatingspecialties.com

/s/ Ralph B. Germany
Ralph B. Germany

- 8 -

4/376857.1