IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


UNITED STATES FOR THE USE AND
BENEFIT OF MID STATE CONSTRUCTION
COMPANY, INC.; and MID STATE
CONSTRUCTION COMPANY, INC.                          PLAINTIFFS

VS.                            CIVIL ACTION NO. 5:11-cv-169(DCB)(JMR)

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA; U.S.
COATING SPECIALTIES & SUPPLIES,
LLC; and EARL WASHINGTON                             DEFENDANTS


ORDER

     This cause is before the Court on the plaintiff Mid State

Construction Company, Inc. ("Mid State")'s Motion for Default

Judgment and Motion to Strike Earl Washington ("Washington")'s

Untimely Answer **(docket entry 74)**; Mid State's Motion for Default

Judgment and Motion to Strike U.S. Coating Specialties & Supplies,

LLC ("U.S. Coating")'s Untimely Answer **(docket entry 75)**; Mid

State's Motion for Summary Judgment against U.S. Coating and

Washington **(docket entry 118)**; and Mid State's Renewed Motion to

Enforce Court Order **(docket entry 151)**.   Having carefully

considered the motions and the applicable law, and being fully

advised in the premises, the Court finds as follows:

     Mid State served Earl Washington with a Summons and a copy of

its Amended Complaint on January 31, 2013.   Pursuant to

Fed.R.Civ.P. 15(a)(3), Washington's responsive pleading was due by

February 12, 2013.   Even accounting for the longer service period

allowed under Fed.R.Civ.P. 12(a), Washington's responsive pleading was due February 20, 2013.  Washington failed to appear, plead, or otherwise defend prior to the expiration of those dates.  On February 22, 2013, Mid State filed motions for entry of default against Washington and U.S. Coating.  Approximately four hours later, Washington filed an Answer to the Amended Complaint. However, the Answer was untimely inasmuch as more than fourteen days (under Rule 15(a)(3)) and more than twenty-one days (under Rule 12(a)) had passed since Washington was personally served with process.  The Answer, though docketed by the Clerk of Court as if filed by Washington and U.S. Coating, is signed only by Earl Washington and refers only to "Defendant" in the singular; thus, the Court considers the pleading as filed only by Washington. Alternatively, if the Answer could be interpreted as filed on behalf of U.S. Coating as well, it is also untimely since U.S. Coating was also served with a Summons and a copy of Mid State's Amended Complaint on January 31, 2013.

Although Herbert J. Irvin, attorney, responded to Travelers Casualty & Surety Company of America ("Travelers")'s October 10, 2012 Cross Claim against Earl Washington and Alberta Washington (now deceased) on November 21, 2012, on behalf of U.S. Coating[1] and

---

[1] U.S. Coating was not named as a defendant in the October 10, 2012 Cross Claim filed by Travelers.  Instead, U.S. Coating was named as defendant in a subsequent Cross Claim filed by Travelers on January 24, 2013.

Earl Washington, Mr. Irvin never responded to Mid State's Amended Complaint.  Additionally, while Mr. Irvin is listed as counsel of record for Washington and U.S. Coating, Washington filed his own belated Answer to the Amended Complaint.

At all times since his response to Travelers' cross claim on November 21, 2012, Mr. Irvin has received notification of the proceedings in this matter through the ECF system.  Mr. Irvin, therefore, had ample notice of the Summons issued to Earl Washington and U.S. Coating along with the Amended Complaint.  At no time did Mr. Irvin respond to the Amended Complaint, nor did he contact Mid State's counsel to indicate that he still represented Earl Washington or U.S. Coating.

Mid State moves for default judgment against Earl Washington and U.S. Coating, and moves to strike the untimely Answer.  An untimely Answer does not cure a default.  See Lamar v. Chase Home Finance, Inc., 2008 WL 4057208, *1 (N.D. Miss. Aug. 26, 2008).  Furthermore, neither Washington nor U.S. Coating has sought leave of Court to file an untimely Answer, nor has either provided any reason for failure to answer within the time allowed as required to avoid a default judgment.  Id.  The Court therefore shall grant Mid State's Motions for Default and strike the Answer.  See id.

This adversary proceeding arises out of a project ("the Project") in Vicksburg, Mississippi, for the United States of America acting through the U.S. Army Corps of Engineers ("the

Corps"). The Corps awarded to U.S. Coating a prime contract for the Project. The Project involved commerce among the states sufficient to bring it under the Federal Arbitration Act.

U.S. Coating and Mid State executed a "Subcontract" for the Project. U.S. Coating also entered into an "Employee Lease Agreement" with Mid State. U.S. Coating and Washington executed an Agreement Regarding Bonding Credit ("Original Credit Agreement"). U.S. Coating executed an Amended and Restated Agreement Regarding Bonding Credit ("Amended Credit Agreement"). U.S. Coating and Mid State executed an "Escrow Agreement." U.S. Coating also executed an "Assignment of Contract Proceeds," and a "Notice of Assignment."

Under the Original Credit Agreement and the Amended Credit Agreement, Earl Washington assumed personal liability for the claims otherwise addressed therein.

The Subcontract, the Original Credit Agreement, the Amended Credit Agreement and the Escrow Agreement provided for binding arbitration of disputes arising out of and related to those agreements.

U.S. Coating and Earl Washington breached and defaulted as to their obligations owed to Mid State under and in relation to the referenced agreements. Mid State demanded arbitration against U.S. Coating. The arbitration proceeded under the administration of the American Arbitration Association ("AAA"). The AAA appointed William P. Myers ("Arbitrator Myers") as the arbitrator. The final

hearing in the arbitration proceedings was held on October 3 and 4, 2011.  On or about November 22, 2011, Arbitrator Myers issued his Award of Arbitrator (the "Arbitration Award").  This award represents the damages owed Mid State by Earl Washington and U.S. Coating, including monetary damages in the amount of $1,225,782.30, with an interest rate of 8% per annum from November 18, 2011, until paid.

Earl Washington and U.S. Coating have failed to pay Mid State the money ordered by the Arbitration Award.  In addition, Washington and U.S. Coating owe Mid State the sum of $16,031.69, representing the portion of administrative filing and case service fees of the AAA previously incurred by Mid State.  Washington and U.S. Coating have failed to pay Mid State the money ordered by the Arbitration Award.

The Arbitration Award also ordered Washington and U.S. Coating to escrow funds paid by the government, both past and future, and to turn over all Project information to Mid State.  Washington and U.S. Coating are also in default for failure to comply with the Arbitration Award as it relates to certain injunctive relief. Washington and U.S. Coating have failed to turn over the Project information, failed to escrow any Project Funds, and failed to take any further steps to secure assignment and escrow of the Project Funds.

The Court finds that Mid State is entitled to a Default

Judgment against Earl Washington and U.S. Coating, awarding Mid State the relief requested in its Amended Complaint (docket entry 36).  Mid State is entitled to judgment enforcing the Arbitration Award, and a judgment against Washington and U.S. Coating for the monetary sums awarded Mid State in the Arbitration Award.  Mid State is also entitled to the injunctive relief against Washington and U.S. Coating provided for in the Arbitration Award.  The Arbitration Award granted Mid State a monetary award against U.S. Coating and Washington for $1,225,782.30 as of November 18, 2011, plus after accrued interest as specified in the Arbitration Award. Mid State is also entitled to a judgment for such monetary relief as against defendant Washington and U.S. Coating.  The Arbitration Award also granted Mid State a monetary award against U.S. Coating and Earl Washington for $16,031.69 for arbitration filing and case service fees of the AAA incurred by Mid State.  Mid State is also entitled to a judgment for such monetary relief as against defendants Washington and U.S. Coating.  The Arbitration Award also made awards/orders of specific performance, directing U.S. Coating and Washington to take certain actions.  Mid State is also entitled to a judgment for such injunctive relief as against defendant Washington and U.S. Coating.

Because all of Mid-State's requested damages are certain, are clearly delineated in its Amended Complaint, and are already established by the Arbitration Award, no hearing is necessary to

determine or set the amounts and types of damages sustained by Mid State.

The Court further finds that Mid State's claims against Earl Washington and U.S. Coating for enforcement of the Arbitration Award constitute only part of the claims of Mid State, as is established in the Arbitration Award.  Mid State, in obtaining judgment against Earl Washington and U.S. Coating under the Arbitration Award, is entitled to adjudication that all of its other claims against Washington and U.S. Coating are reserved and not adjudicated herein.

There are also other claims and parties involved in this action.  Resolution of these other claims shall not delay entry of final judgment for Mid State as to the relief covered by the Arbitration Award.  Mid State is therefore entitled to a Rule 54(b) certificate as to the finality of judgment as to the relief covered by the Arbitration Award.

Mid State also moves for summary judgment against U.S. Coating and Earl Washington for confirmation of the Arbitration Award.  For the reasons stated hereinabove, summary judgment shall also be granted in favor of Mid State.

In its Renewed Motion to Enforce Court Order, Mid State urges the Court to preclude Earl Washington and U.S. Coating from attempting to offer any evidence at trial purporting to explain why they did not pay Mid State.  On March 13, 2013, Mid State submitted

discovery requests to U.S. Coating and Washington.  U.S. Coating and Washington failed to appropriately respond.  On May 3, 2013, Mid State filed a motion to compel responses.  On May 24, 2013, Magistrate Judge Michael T. Parker entered an Order compelling responses from U.S. Coating and Washington on or before June 3, 2013.  U.S. Coating and Washington failed to produce documents following the Order compelling discovery.  On June 10, 2013, Mid State filed a motion generally seeking an order precluding U.S. Coating and Washington from offering of any evidence at trial.  On July 17, 2013, Magistrate Judge Parker denied that motion without prejudice and allowed Mid State the option of re-filing with a precisely defined request for relief.

Mid State now requests that the Court preclude U.S. Coating and Washington from attempting to offer at trial any evidence that would purport to explain, justify or otherwise relate to why they failed to pay Mid State.  As grounds, Mid State asserts that U.S. Coating and Washington have failed to respond to discovery requests, and have failed to explain why they failed to pay Mid State, despite the fact that U.S. Coating billed the Corps and collected from the Corps for Mid State's work.  The Court finds that the motion is well taken.  See Diaz v. Southern Drilling Co., 427 F.2d 1118 (5th Cir. 1970); In re: Sprouse, 391 B.R. 367, 370 (N.D. Miss. 2008).

Accordingly,

IT IS HEREBY ORDERED that Mid State's Renewed Motion to Enforce Court Order **(docket entry 151)** is GRANTED, and Earl Washington and U.S. Coating are prohibited from offering any evidence at trial that would attempt to explain, justify or otherwise relate to why they did not pay Mid State pursuant to Mid State's billings on the Project;

FURTHER ORDERED that Mid State's Motion for Default Judgment and Motion to Strike Earl Washington's Untimely Answer **(docket entry 74)** are GRANTED;

FURTHER ORDERED that Mid State's Motion for Default Judgment and Motion to Strike U.S. Coating's Untimely Answer **(docket entry 75)** are GRANTED;

FURTHER ORDERED that Mid State's Motion for Summary Judgment against U.S. Coating and Washington **(docket entry 118)** is GRANTED.

Although the Court finds that Mid State is entitled to default judgments and summary judgment as set forth herein, it is not clear to the Court what form of judgment Mid State seeks to have entered; therefore, the Court will await a proposed judgment from Mid State.

SO ORDERED, this the 6th day of September, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

9