```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

UNITED STATES FOR THE USE AND
BENEFIT OF MID STATE CONSTRUCTION
COMPANY, INC.; and MID STATE
CONSTRUCTION COMPANY, INC.                          PLAINTIFFS

VS.                        CIVIL ACTION NO. 5:11-cv-169(DCB)(MTP)

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA; U.S.
COATING SPECIALTIES & SUPPLIES,
LLC; and EARL WASHINGTON                            DEFENDANTS

<u>ORDER</u>

This cause is before the Court on defendant Travelers Casualty and Surety Company of America ("Travelers")'s Motion to Strike plaintiff Mid State Construction Company, Inc. ("Mid State")'s Experts **(docket entry 123)**. Having carefully considered the motion and response, the memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

On October 9, 2012, Travelers, as part of its Amended Answer to Mid State's Complaint, filed a Counterclaim against Mid State for breach of contract and for collateral security. As part of its defense to the counterclaim, Mid State has designated Ken Ryan as a security expert, and Tony Head as an additional expert on work that Mid State could have performed in July of 2011. Travelers objects to the testimony of the two experts on grounds that their opinions are not relevant. Travelers argues that "an indemnitor may successfully attack payments made by the Surety only by

pleading and proving fraud or lack of good faith by [the] Surety." (quoting Engbrock v. Federal Insurance Company, 370 F.2d 784, 787 (5th Cir. 1967)). Travelers also objects, should Ken Ryan be allowed to testify, to the witness providing legal conclusions. In addition, Travelers moves to strike Mr. Ryan's opinion that Travelers failed to mitigate damages (and thereby lost its indemnity rights against Mid State). Finally, Travelers objects that Mr. Ryan's opinions are too indefinite to be allowed as expert testimony.

Mid State responds that the proper issue is whether Travelers acted (or failed to act) in good faith, reasonably, and consistent with the principals and methods of suretyship. Mid State also contends that Mississippi law does not impose a strict and super-heightened "fraud" or "bad faith" standard of proof on Mid State , but instead recognizes that indemnification of a surety is improper where the expenses incurred were not reasonable, necessary, and incurred in good faith. See Perkins v. Thompson, 551 So. 2d 204, 209-10 (Miss. 1989)("[e]very contract, including bond indemnity contracts, has implied covenants of good faith and fair dealing," and a surety can only seek indemnity for expenses that are fairly and reasonably incurred).

Mid State also responds that the "legal conclusions" cited by Travelers are simply expressions on ultimate issues of fact, which is appropriate expert testimony. Mid State further contends that

2

Mr. Ryan's opinions are not indefinite, but are "based on sufficient facts and data, were generated through the application of sound methodology, and he is eminently qualified to render them."

The Court does not find that the expert testimony is so irrelevant or indefinite as to prohibit its use entirely. Therefore, the parties may address these issues by specific objections at trial.

Accordingly,

IT IS HEREBY ORDERED that Travelers' Motion to Strike plaintiff Mid State's Experts **(docket entry 123)** is DENIED without prejudice.

SO ORDERED, this the 9th day of September, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE