```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

UNITED STATES FOR THE USE AND
BENEFIT OF MID STATE CONSTRUCTION
COMPANY, INC.; and MID STATE
CONSTRUCTION COMPANY, INC.                              PLAINTIFFS

VS.                           CIVIL ACTION NO. 5:11-cv-169(DCB)(MTP)

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA; U.S.
COATING SPECIALTIES & SUPPLIES,
LLC; and EARL WASHINGTON                                 DEFENDANTS

                              ORDER

     This cause is before the Court on defendant Travelers Casualty and Surety Company of America ("Travelers")'s Motion to Consolidate **(docket entry 167)**.  Having carefully considered the motion and response, the memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

     On November 30, 2011, Mid State Construction Company, Inc. ("Mid State") filed the present lawsuit against Travelers, U.S. Coating Specialties & Supplies, LLC ("U.S. Coating"), and Earl Washington.  This lawsuit relates to a federal construction project set aside under the United States Small Business Administration's 8(a) program between the U.S. Army Corps of Engineers ("Corps"), as owner, and U.S. Coating as general contractor for the Corps Engineer Research and Development Center ITL Office Building and Computer Facility in Vicksburg, Mississippi (the "Project").  As required by the Miller Act (40 U.S.C. §§ 3131 et seq.), U.S.

Coating was required to post payment and performance bonds. U.S. Coating did not have the requisite financial wherewithal to obtain surety credit from Travelers. As a result, Mid State requested that Travelers issue bonds on behalf of U.S. Coating based on Mid State's and its principals' bonding credit. Mid State, William S. Ware ("Ware") and Paul George Bernheim ("Bernheim") agreed to serve as corporate and individual indemnitors, respectively, in conjunction with U.S. Coating and its President, Earl Washington ("Washington") and his wife, Alberta Washington (now deceased) all of whom signed indemnity agreements.

Mid State filed the present action under the Miller Act to recover payments allegedly owed to it under the subject payment bond, and to obtain injunctive relief enforcing an arbitration award Mid State had received against U.S. Coating. On October 12, 2012, Mid State amended its Complaint, seeking declaratory relief regarding its entitlement to funds, payments and/or proceeds arising out of and/or relating to the prime contract and/or the Project. In response to Mid State's Complaints, Travelers filed answers that included affirmative defenses and counterclaims against Mid State.

On June 5, 2013, Travelers filed a separate lawsuit in the Jackson Division against principals Ware and Bernheim (cause no. 3:13-cv-342(DPJ)(FKB)). It is this action that Travelers seeks to have consolidated with the case before this Court.

The Court finds that consolidation would be improper for two reasons.  First, the two cases are at vastly different stages of litigation: the present case is set for trial on December 2, 2013, while the Jackson Division case is in its initial stages, and no discovery, case management conference, or filing of dispositive motions have yet taken place.  "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial."  <u>Mills v. Beech Aircraft Corp., Inc.</u>, 886 F.2d 758, 762 (5th Cir. 1989).  Second, Mid State asserts that defendants in the Jackson Division case plan to call Mid State's current counsel to testify on their behalf (Mid State's current counsel does not represent principals Ware and Bernheim in the Jackson Division case).  If the two cases are consolidated, the principals could lose the right to call Mid State's current counsel as a witness.  <u>See</u> Miss.R.Prof.Conduct 3.7.

For the foregoing reasons, the Court finds that Travelers' motion should be denied.  Accordingly,

IT IS HEREBY ORDERED that defendant Travelers Casualty and Surety Company of America's Motion to Consolidate **(docket entry 167)** is DENIED.

SO ORDERED, this the 18th day of November, 2013.

    /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE