```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


UNITED STATES FOR THE USE AND
BENEFIT OF MID STATE CONSTRUCTION
COMPANY, INC.; and MID STATE
CONSTRUCTION COMPANY, INC.                              PLAINTIFFS

VS.                       CIVIL ACTION NO. 5:11-cv-169(DCB)(MTP)

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA; U.S.
COATING SPECIALTIES & SUPPLIES,
LLC; and EARL WASHINGTON                                DEFENDANTS
```

ORDER

This cause is before the Court on plaintiff Mid State Construction Company, Inc. ("Mid State")'s Motion In Limine to Bar Travelers from Offering Evidence Related to Mid State's July 28, 2009 General Agreement of Indemnity **(docket entry 155)**. Having carefully considered the motion and response, the memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

Mid State seeks an order excluding any evidence – documentary, testimonial or otherwise – regarding Mid State's or any other entity's or any individual's indemnity obligations, if any, under the July 28, 2009 General Agreement of Indemnity ("GAI"). As grounds, Mid State asserts that "[s]uch evidence has no probative value and would only result in (a) undue prejudice to Mid State and nonparties, (b) the confusion of the issues, (c) undue delay, (d) the wasting of the Court's time, and (f) the needless presentation

of cumulative evidence." Motion in Limine, pp. 1-2 (citing Fed.R.Evi. 403).

In this action, Mid State contends that Travelers has lost whatever indemnity rights it once had. Nevertheless, Mid State also contends that if Travelers still has any indemnity rights against Mid State, Mid State would owe that indemnity under the June 24, 2010, Additional Indemnitor and Limited Liability Rider executed by Mid State alone, "regardless of whether the July 28, 2009 GAI applies to Travelers' claims in this lawsuit." Mid State's Memorandum, p. 2.

Mid State admits that it executed the Rider for the construction project at issue in this case, and that the Rider is applicable to this lawsuit. Mid State and Travelers disagree, however, on whether the July 28, 2009, GAI applies to the claims in this lawsuit. Mid State contends that the payment and performance bonds upon which Travelers bases its indemnity claims were procured under the Rider, and not under the July 28, 2009, GAI.

According to Mid State, it is the Rider that Travelers asked Mid State to sign as the precondition to issuing the payment and performance bonds for U.S. Coating which are the basis for the claims in this lawsuit. Mid State contends that it was the Rider, not the GAI, that was used to procure the bonds. Travelers contends otherwise, claiming that both the Rider and the GAI apply.

Mid State asserts that the GAI is the subject of a separate

lawsuit filed by Travelers in the Jackson Division, Travelers v. Ware and Bernheim, 3:13-cv-342(DPJ)(FKB). Ware and Bernheim signed the GAI but not the Rider. Mid State therefore seeks an order <u>in limine</u> preventing Travelers from offering evidence of the GAI in this lawsuit, since any relief Travelers is entitled to from Mid State is by virtue of the Rider, which "would allow Travelers the same relief against Mid State as Travelers could get under the July 28, 2009 GAI." Mid State's Memorandum, p. 3.

Travelers, on the other hand, argues that the GAI forms the basis for Travelers' counterclaim and defenses to Mid State's Miller Act claim, and that Mid State's <u>in limine</u> motion seeks to bar the admission of the very contract under which Travelers seeks to recover. Travelers points out that Mid State, along with Ware and Bernheim, executed the July 28, 2009 GAI. Travelers further asserts:

> On or about June 24, 2010, Mid State executed an Additional Indemnitor and Limited Liability Rider ("Rider"), which became part of a General Agreement of Indemnity signed by U.S. Coating Specialties and Supplies, LLC ("U.S. Coating"), Earl Washington and Alberta Washington. DE 156-2. Mid State then negotiated documents with U.S. Coating to secure their position as a subcontractor on the Project. Two of those agreements, the Agreement Regarding Bonding Credit (signed by William Ware) and Amended and Restated Agreement Regarding Bonding Credit (signed by P.G. Bernheim), provided that Mid State caused the bonds to be issued by Travelers to U.S. Coating, and "The Surety provided [bonds] in reliance upon the indemnity agreements (collectively the "Indemnity Agreements") of Mid State, William S. Ware ("Ware") and P.G. Bernheim ("Bernheim") . . . . Another agreement, the Escrow Agreement (signed by P.G. Bernheim) provided "The Surety provided and/or will provide said

>     bonds in reliance upon the indemnity agreements . . . of
>     Mid State, William S. Ware ("Ware") and P.G. Bernheim
>     ("Bernheim") . . . ."

Travelers' Memorandum, pp. 2-3.

The Court finds that the applicability of the GAI is clearly an issue in this case.  Travelers points out that Mid State's motion is more in the nature of a summary judgment motion than an *in limine* motion.  Be that as it may, this case is to be tried by the undersigned judge as the trier of fact, and allowing the parties to argue the applicability of the GAI at trial will not prejudice either side.  Accordingly,

IT IS HEREBY ORDERED that plaintiff Mid State Construction Company, Inc.'s Motion In Limine to Bar Travelers from Offering Evidence Related to Mid State's July 28, 2009 General Agreement of Indemnity **(docket entry 155)** is DENIED without prejudice.

SO ORDERED, this the 18th day of November, 2013.

                                        /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE

4