```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

UNITED STATES FOR THE USE AND
BENEFIT OF MID STATE CONSTRUCTION
COMPANY, INC.; and MID STATE
CONSTRUCTION COMPANY, INC.                                PLAINTIFFS

VS.                         CIVIL ACTION NO. 5:11-cv-169(DCB)(MTP)

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA; U.S.
COATING SPECIALTIES & SUPPLIES,
LLC; and EARL WASHINGTON                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Travelers Casualty & Surety Company of America's ("Travelers") Motion to Enforce Settlement Agreement and for Entry of Agreed Judgment reached between Travelers, U.S. Coating Specialties & Supplies, LLC ("U.S. Coating"), and Earl Washington ("Washington")**(docket entry 198)**, to which no response has been filed by U.S. Coating or Washington.

Having carefully considered the motion and the movant's memorandum brief, as well as the facts in this case, the Court finds as follows:

This civil action relates to a federal construction project set aside under the United States Small Business Administration's 8(a) program between the U.S. Army Corps of Engineers ("Corps"), as owner, and U.S. Coating as general contractor for the Corps Engineer Research and Development Center ITL Office Building and Computer Facility in Vicksburg, Mississippi (the "Project"). As

required by the Miller Act (40 U.S.C. §§ 3131, et seq.), U.S. Coating was required to post payment and performance bonds (collectively "bonds"). U.S. Coating did not have the requisite financial wherewithal to obtain surety credit from Travelers. As a result, Mid State Construction Company, Inc. ("Mid State") requested that Travelers issue bonds on behalf of U.S. Coating based on Mid State and its principals' bonding credit. In order to have the bonds issued, U.S. Coating and its President, Earl Washington ("Washington"), and his wife, Alberta Washington (now deceased), all signed indemnity agreements whereby they indemnified Travelers from and against all loss. [DE 121-2]. Disputes arose between U.S. Coating and Mid State, and Mid State initiated arbitration proceedings against U.S. Coating through which Mid State obtained an Arbitration Award. [DE 182-1]. Mid State brought this action to enforce the Arbitration Award and to bring a claim against Travelers' payment bond. Travelers brought a counterclaim against Mid State and cross-claims against U.S. Coating and Washington for indemnity.

After Mid State initiated this civil action, Travelers brought its cross-claims against Washington [DE 37] and U.S. Coating [DE 55] to recover at least $3,045,126.45 from U.S. Coating for losses incurred under the performance bond, U.S. Coating's debt to numerous payment bond claimants and their subsequent claims upon Travelers for said amount, and other losses, costs, and expenses.

Answers were filed; however, the Court granted Travelers' Motion to Strike U.S. Coating's Answer. [DE 162]. Travelers filed a Motion for Summary Judgment against U.S. Coating and Washington [DE 121 and 122], and a Motion for Preliminary Injunctive Relief [DE 125 and 126], upon which the Court deferred its ruling [DE 163]. By Order dated September 6, 2013 [DE 161] (the "Enforcement Order"), the Court granted Mid State's Motion for Default Judgment against U.S. Coating and Earl Washington, and granted Mid State's Motion for Summary Judgment against U.S. Coating and Washington. The Enforcement Order confirmed Mid State's Arbitration Award as described in the Enforcement Order, and by separate order the Court entered a final judgment [DE 182] in favor of Mid State against U.S. Coating and Washington confirming the Arbitration Award.

On or about November 22, 2013, U.S. Coating offered $577,606.18 to Mid State in satisfaction of the Arbitration Award, a Judgment rendered by the U.S. Bankruptcy Court for the Southern District of Mississippi and the Judgment of this Court. See Exhibit "A" to Travelers' Motion. The same day, U.S. Coating offered $300,000 to Travelers to settle. See Exhibit "B" to Travelers' Motion. In his letter, Mr. Washington advised that settlement funds would be available sometime between January and June 2014. On November 27, 2013, counsel for Travelers accepted Mr. Washington's offer of $300,000 and further advised that Travelers had reached a settlement with Mid State (which has since

3

been finalized) whereby Travelers took an assignment of Mid State's claims and settlement rights against and/or with U.S. Coating. See Exhibit "C" to Travelers' Motion.  To secure the settlement, Travelers advised that it also required U.S. Coating and Washington to enter into a settlement agreement and consent judgment in the event funding for the settlement fell through.  Id.  On December 30, 2013, counsel for Travelers provided a proposed settlement agreement and judgment to U.S. Coating and Mr. Washington.  See Exhibit "D" to Travelers' Motion.

Because Mr. Washington refused to execute the settlement agreement and judgment, and the settlement funds that were promised to Travelers by June 2014 were never paid, Travelers filed a Motion to Re-Open this civil action against U.S. Coating and Washington. [DE 186 and 187].  After Travelers filed a Motion for Summary Judgment in mid-February 2015 [DE 193 and 194], U.S. Coating and Washington began making settlement offers, which resulted in a settlement agreement that was finally signed by U.S. Coating and Washington in March 2015.  See Exhibits "E" and "F" to Travelers' Motion.

According to the terms of the Settlement Agreement, U.S. Coating and Washington agreed to pay Travelers a total sum of $877,606.18, payable by monthly payments with a lump sum payment at the end of two years.  Id.  The first year, U.S. Coating and Washington were to make payments of $10,000.00 per month beginning

4

April 6, 2015.  Id.  To date, Travelers has received one payment of $10,000.00 leaving a current deficiency of $90,000.00.  Paragraphs 3 and 4 of the Settlement Agreement secure the settlement by U.S. Coating and Washington agreeing to an Agreed Judgment, and, should they fail to make any payment required by the Settlement Agreement, Travelers is entitled to submit the Agreed Judgment to the Court for entry, and U.S. Coating and Washington agreed not to oppose the filing, submission, or presentation of the Agreed Judgment.  Though paragraph 3 provides that U.S. Coating and Washington are not entitled to written notice of default, Travelers provided their attorney with a written notice of their default.  See Exhibit "G" to Travelers' Motion.

Mississippi law, which applies in this diversity action, strongly favors "settlement of disputes by agreement of the parties and, ordinarily, [the court] will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching." Chantey Music Publishing, Inc. v. Malaco, Inc., 915 So. 2d 1052, 1055 (Miss. 2005).  Settlement agreements are enforced as a matter of contract law and "Courts will not rewrite them to satisfy the desires of either party."  Id. at 1056.

The Fifth Circuit has long held that "'[c]ompromises of disputed claims are favored by the courts.'"  Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 391 (5th Cir. 1984)(quoting Cia Anon Venezolana de Navegacion v. Harris, 374 F.2d 33, 35 (5th Cir.

1967)); see also Hastings v. Guillot, 825 So. 2d 20, 24 (Miss. 2002). "Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." Cia Anon, 374 F.2d at 35. Consistent with these guiding principles under federal common law, "'a district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties.'" Del Bosque v. AT&T Adver., L.P., 441 F. App'x 258, 260 (5th Cir. 2011)(quoting Bell v. Schexnayder, 36 F.3d 447, 449 (5th Cir. 1994)).

The Court finds that a settlement agreement was reached by the parties. After the parties appeared at the February 10, 2015 Settlement Conference, they memorialized their agreement through the attached Agreement. See Exhibit "E" to Travelers' Motion. Consistent with the terms of the Agreement, the U.S. Coating and Washington made the first payment the date the Defendants signed the Agreement.

To secure the Agreement and as a part thereof, the parties negotiated, revised, and agreed to the Agreed Judgment attached to Travelers' motion as Exhibit "E." Paragraph 3 of the Settlement Agreement clearly provides, "Indemnitors agree that, in the event they fail to make payment as provided in paragraph 1, they will be in breach of this Agreement and the Surety shall be entitled to present and have the Court enter the Agreed Judgment as provided in

paragraph 4." See Exhibit "E" to Travelers' Motion. Paragraph 4 provides that U.S. Coating and Washington would execute the Agreed Judgment in the form attached as Exhibit "A" to the Agreement, and "[i]n the event any Indemnitor fails to make any payment as provided in paragraph 1, Surety shall be entitled to submit the Agreed Judgment and pursue said Agreed Judgment, and Indemnitors shall not oppose the filing, submission or presentation of the Agreed Judgment." See Exhibit "E."

There is no legitimate dispute concerning U.S. Coating or Washington's failure to pay the amounts due under the Settlement Agreement. Because U.S. Coating and Washington have breached the Agreement, Travelers is entitled to entry of the Agreed Judgment attached to its motion.

Paragraph 10 of the Settlement Agreement provides, "In the event of a dispute under this Agreement, Surety shall be entitled to recover its counsel fees and other costs and expenses incurred in enforcing the terms of this Agreement and/or the GAI." See Exhibit "E" to Travelers' Motion. Because there is no arguable or legitimate basis for the failure or refusal of U.S. Coating or Washington to make the payments called for by the Agreement, the Court shall order them to pay Travelers a reasonable attorney's fee for having to prepare and file its motion. Federal courts have inherent authority to award attorneys' fees. In re Case, 937 F.2d 1014, 1023 (5th Cir. 1991)(citing Chambers v. NASCO, Inc., 501 U.S.

32 (1991)).

The Court finds that U.S. Coating and Washington have breached the terms of the Settlement Agreement with Travelers, and that Travelers is entitled to entry of the Agreed Judgment.

The Court further finds that U.S. Coating and Washington are to pay Travelers its reasonable attorney's fees and expenses for the preparation and filing of the present motion.

Accordingly,

IT IS HEREBY ORDERED that Travelers Casualty & Surety Company of America's Motion to Enforce Settlement Agreement and for Entry of Agreed Judgment reached between Travelers, U.S. Coating Specialties & Supplies, LLC, and Earl Washington **(docket entry 198)** is GRANTED;

FURTHER ORDERED that Travelers furnish the Court with the parties' Agreed Judgment for filing;

FURTHER ORDERED that Travelers furnish the Court with its bill of costs and proposed Judgment awarding reasonable attorney's fees and expenses.

SO ORDERED, this the 23rd day of March, 2016.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE